326

## Conoy Township Auditors' Report.

*Charles W. Eaby,* for appellant.
*Zimmerman, Myers & Kready,* for school directors.

GROFF, J., April 19, 1930.—In this matter B. L. Landis, C. H. Charles and C. E. Charles, three citizens and taxpayers in Conoy Township, which constitutes a fourth class school district, have appealed from the report of auditors of that district for the school year ending July 1, 1929, filed in the Quarter Sessions Office of Lancaster County on Sept. 7, 1929, in which they seek to surcharge the members of the school board with the following items:

"1. Amount paid to treasurer........................ $300.00
2. Amount paid for fuel............................ $1019.00
3. Amount paid for new buildings.....................$14805.50
4. Amount paid for heat, light and plbg............... $248.12"

On the argument of the case, we understand that the surcharges asked for in items 1 and 4 were not pressed. We think that item 3 was disposed of by the Act of Assembly of March 28, 1929, P. L. 92. That act, in our opinion, permitted the directors to pay for the new buildings which we had formerly restrained them from paying. [See 41 Lanc. Law Rev. 93.] That leaves one item enumerated and appealed from to be disposed of, namely, "2. Amount paid for fuel $1019.00."

It is contended by the appellants that this is covered by section 617 of the Act of May 18, 1911, P. L. 309, as amended by the Act of July 10, 1919, P. L. 889.

In the case of White et al. *v.* Moore et al., 288 Pa. 411, in paragraph 3 of the syllabus, it is said:

"Coal is not included in 'school supplies' of the second class within the meaning of section 706 of the Act of May 18, 1911, P. L. 309, so as to bring it within section 708 of the Code requiring public advertising where the amount purchased exceeds $300 in value."

The Supreme Court then reversed the court below in removing school directors because they had not asked for bids in their purchase of coal.

The evidence in this case discloses that the board of school directors have only limited capacity for the storage of coal in their school houses, and that at no time had they purchased coal to the value of $300. The undisputed evidence is that their location compels them to purchase coal from the nearest and only dealers in their neighborhood, no others being located in the vicinity of these schools except the merchants from whom they did purchase.

We feel that they acted in good faith and within the law. We, therefore, dismiss the appeal, at the costs of appellants. Appeal dismissed.

From George Ross Eshleman, Lancaster, Pa.